DIXON, Justice.
Defendant was charged with aggravated burglary of the Burger King Restaurant located at 1700 St. Charles Avenue in New Orleans in violation of R.S. 14:60. After jury trial on January 22, 1974 he was convicted of simple burglary. Two bills of exceptions were reserved, both relating to technical testimony by a witness.
Bill No. 1 related to the attempt to qualify the witness as an expert, an attempt later abandoned by the State.
*298 Bill of Exceptions No. 2 was reserved when the trial judge allowed Officer Palm, an employee of the police crime laboratory, to testify about testing two paint samples involved in the case.
During the robbery a crowbar and a sledge hammer had been used to open one safe and remove another from a wall. When the defendant was arrested shortly after the crime a crowbar and a sledge hammer were found in the vicinity. To connect the sledge hammer and the crowbar to the crime the district attorney attempted to show that the paint found on these tools was like the paint on the safes. The district attorney asked the witness what tests he ran on the paint. The witness testified that he compared the two samples of paint (one set from the crowbar and the other from the store safe) under a binocular microscope after smearing them so that their layers would be visible. He also testified that he put both samples in an acetone solution and that neither of them was soluable in acetone. It was during this questioning concerning the tests that the defendant objected arguing that since the witness was not qualified as an expert he should not be allowed to testify about the scientific tests. The objection is without merit.
The statutory provisions relating to expert testimony in Louisiana are:
“On questions involving a knowledge obtained only by means of a special training or experience the opinions of persons having such special knowledge are admissible as expert testimony.” R.S. 15:464.
“Every expert witness must state the facts upon which his opinion is based.” R.S. 15:465.
“The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court.” R.S. 15:-466.
“The fact that a witness called as an expert is not competent to give expert testimony does not affect his competency to testify as to matters not requiring expert knowledge.” R.S. 15:467.
These provisions indicate that a person must be an expert witness only if it is necessary for him to give his opinion based on knowledge obtained only by means of special training or experience. Here the witness testified that samples of the paint appeared to him to be the same color under microscopic examination. The witness also testified that neither sample was soluable in acetone. Each of these statements gave the jury information which was within the personal knowledge of the witness. He did not testify that, in his opinion, after conducting these tests, the paint on the crowbar was identical to the paint on the safe. Instead he testified to simple observable characteristics of the paint which he had seen. There was no error in the ruling of the court.
Accordingly, the judgment and sentence are affirmed.